IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS MOTORCYCLE WORKS USA,
LLC,

                Plaintiff,

v.                                                    Case No. 20-1180-TC

HAL D. MCCLOUD, et al.,

                Defendants.

## **ORDER**

This case comes before the court on the unopposed motion of defendants Bryant Evans, Casey Schrag, and Board of County Commissioners of Rice County, Kansas, to stay all further proceedings pending a ruling on the motions to dismiss filed in this case (ECF No. 35).[1] The motion is granted.

The motions to dismiss assert the defense of qualified immunity. The court may stay an action when a dispositive motion raises issues as to a defendant's immunity from

---

[1] One motion to dismiss is pending as ECF No. 32, and the instant motion indicates a second motion to dismiss will be filed today.

˘1˘

suit.[2]  The decision whether to stay discovery rests in the sound discretion of the district court.[3]  As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.  The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendants' dispositive motions.  Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4]  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

---

[2] *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

[5] *Id.* at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[6] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability. . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

In addition, the court finds that a ruling on the dispositive motions could narrow this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1) The unopposed motion to stay is granted.

2) All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3) The telephone scheduling conference set for January 21, 2021, is cancelled. The January 13, 2021 deadline for the parties to submit a report of planning conference pursuant to Fed. R. Civ. P. 26(f) is vacated.

4) Within 14 days of the ruling on the motions to dismiss, counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Dated January 13, 2021, at Kansas City, Kansas.

   s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge